IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID CLAY LYLES, JR.      )
                           )
v.                         ) No. 3:13-00844
                           ) JUDGE CAMPBELL
UNITED STATES OF AMERICA   )

MEMORANDUM

I. Introduction

Pending before the Court are a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Docket No. 1) and Memorandum In Support (Docket No. 2), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro se. The Government has filed a Response and supporting documents (Docket Nos. 8, 9).

For the reasons set forth herein, the Court concludes that Petitioner's Motion To Vacate is DENIED, and this action is DISMISSED.

Also pending before the Court is Petitioner's Application To Proceed In Forma Pauperis (Docket No. 3). The Court finds that the Petitioner is a pauper and the Application is granted on that basis.

In the United States' Motion To Take Judicial Notice (Docket No. 9), the Government requests that the Court take judicial notice of the brief filed by Petitioner's counsel in the appeals court. The Motion is GRANTED.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was charged with conspiracy to commit access device fraud, in violation of 18 U.S.C. § 371 (Count One); two substantive counts of

access device fraud, in violation of 18 U.S.C. §§ 1029(a)(2), (a)(3) (Counts Two and Three); and aggravated identity theft, in violation of 18 U.S.C. § 1028A (Count Four). (Docket No. 1 in Case No. 3:10-00171). Named as Co-Defendants were Aisha Garrison, Devin Leverett, Sr., James Johnson, Jr., Sylvester Knight, Jr., and James Watson. (Id.) Petitioner pled guilty to the charges without a plea agreement. (Docket Nos. 92, 93, 176 in Case No. 3:10-00171).

At the subsequent sentencing hearing, the Court sentenced the Petitioner to a total term of 164 months of imprisonment. (Docket Nos. 142, 143, 149, 150, 177 in Case No. 3:10-00171).

Petitioner appealed his sentence to the Sixth Circuit, and the appeals court affirmed. (Docket Nos. 151, 204 in Case No. 3:10-00171); United States v. Lyles, 506 F. App'x 440 (6th Cir. Nov. 26, 2012).

The appeals court described the facts and the issues appealed as follows:

> This identity theft case arises from a scheme in which participants obtained stolen credit card numbers, encoded retailers' gift cards with those numbers, and then used the fraudulent gift cards to purchase legitimate gift cards and merchandise. Defendants David Lyles and Sylvester Knight appeal their sentences after each pleaded guilty to one count of Conspiracy to Commit Access Device Fraud, 18 U.S.C. § 371; one count of Access Device Fraud under 18 U.S.C. § 1029(a)(2); one count of Access Device Fraud under 18 U.S.C. § 1029(a)(3); and one count of Aggravated Identity Theft, 18 U.S.C. § 1028A. The district court sentenced Lyles to 164 months' imprisonment and Knight to 124 months' imprisonment. In reaching its judgment, the district court included multiple sentence enhancements under the United States Sentencing Guidelines, several of which are relevant here. First, it increased each defendant's sentence by fourteen levels for causing a loss of more than $400,000 but less than $1 million. U.S.S.G. § 2B1.1(b)(1)(H). The actual loss was much less than $400,000, but U.S.S.G. § 2B1.1 cmt. n. 3 (F)(i) requires that the loss 'per access device' 'shall not be less than $500.' Second, the district court imposed a four-level increase because the offense involved over fifty victims. U.S.S.G. § 2B1.1(b)(2)(B). Third, it imposed a two-level increase because the defendants relocated to another jurisdiction to evade law enforcement and because the offense otherwise involved sophisticated means. U.S.S.G. § 2B1.1(b)(9)(A), (C). Finally, it added another two levels because the crime involved the use of device-making equipment to create fraudulent gift cards. U.S.S.G. §

2

> 2B1.1(b)(10)(A)(I).
>
> On appeal, each defendant challenges the district court's calculation of these enhancements. Lyles argues that the district court should have determined the amount of loss by using the actual loss caused through use of 192 stolen credit card numbers to make purchases. Knight also argues that the district court's loss calculation was erroneous, but under the theory that the commentary for U.S.S.G. § 2B1.6 precludes sentence enhancements when a defendant is charged with both Access Device Fraud and Aggravated Identity Theft. Using the same reasoning, Knight challenges his sentence enhancements for the number of victims involved and for relocation to evade law enforcement and use of sophisticated means. In the alternative, Knight challenges the latter enhancement by arguing that the Government did not offer sufficient proof to support it. Additionally, both defendants argue that there was insufficient proof for the district court to impose the enhancement for device-making equipment. Finally, Knight argues that the district court erred in denying him a three-level reduction under U.S.S.G. § 2X1.1(b)(2).
>
> In addition to their challenges to the district court's Guidelines calculations, the defendants argue that their sentences were procedurally and substantively unreasonable. Lyles further claims that the imposition of punishment under both 18 U.S.C. § 1029(a)(2) and 18 U.S.C. § 1028A violates the Double Jeopardy Clause.
>
> After considering these arguments, we find no reversible error in the district court's decision. We therefore affirm each defendant's sentence.

506 F. App'x at 442-43 (footnote omitted).

### III. Analysis

A. The Petitioner's Claims

Petitioner contends that his conviction and sentence should be vacated because he received the ineffective assistance of counsel, and because the Court violated his due process rights by applying a sentencing enhancement without adequate notice.

B. The Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to

3

Case 3:13-cv-00844   Document 13   Filed 01/07/14   Page 3 of 12 PageID #: 102

have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. "'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255(b); Ray v. United States, 721 F.3d 758, 761 (6th Cir. 2013); Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. Where the same judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Ray, 721 F.3d at 761.

The Court has reviewed the pleadings, briefs, transcripts, and records filed in Petitioner's underlying criminal case, as well as the pleadings, briefs, transcripts, and records filed by the

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

4

parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Ineffective Assistance of Counsel

Petitioner argues that he received the ineffective assistance of counsel in the underlying criminal proceeding. In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011); Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 104 S.Ct. at 2065.

In order to establish prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 2068.

Petitioner argues that trial counsel failed to request, under Rule 32(i)(3)(B), a ruling on the

5

leadership enhancement and the device-making equipment enhancement. Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure provides that the district court, at sentencing, "must – for any disputed portion of the pre-sentence report or other controverted matter – rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing. . ."

Petitioner's trial counsel raised objections to application of the leadership enhancement, as well as the Government's request to apply the enhancement for the use of device-making equipment, both prior to and at the outset of the sentencing hearing. (Docket Nos. 116 in Case No. 3:10-00171; Transcript of Sentencing Hearing, at 6-7 (Docket No. 177 in Case No. 3:10-00171)). After hearing testimony and argument, the Court ruled on the issues at the sentencing hearing, and documented the rulings in the Judgment. (Id., at 48-49; Docket No. 150 in Case No. 3:10-00171). Petitioner's contention that counsel failed to request rulings on these issues is without factual support in the record, and is without merit.

Petitioner argues that trial counsel failed to investigate application of the device-making equipment enhancement, but again, provides no factual support for this claim. The record reveals that trial counsel addressed the issue in a brief filed prior to the sentencing hearing, cross examined the Government's witnesses at the sentencing hearing regarding the issue, and addressed the issue in his arguments at sentencing. (Docket Nos. 116, 177 in Case No. 3:10-00171). This claim is without merit.

Petitioner contends that trial counsel failed to argue that the decision as to whether to apply the enhancement for use of device-making equipment should have been made by a jury rather than the Court. Petitioner provides no legal support for this argument. It is well settled in

6

the Sixth Circuit that a district court may make findings of fact by a preponderance of the evidence at sentencing as long as the sentence imposed does not increase the punishment for the offense beyond the statutory maximum for the offense. See, e.g., United States v. Stewart, 628 F.3d 246, 256 (6th Cir.2010). Counsel was not deficient for failing to raise this argument. See, e.g., Ludwig v. United States, 162 F.3d at 458(Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel).

Next, Petitioner claims that trial counsel should have argued that one of the witnesses at sentencing, Co-Defendant Aisha Garrison, was not qualified under Rule 702 of the Federal Rules of Evidence to testify regarding device-making equipment. Rule 702 relates to the criteria a district court is to consider in determining whether a witness should be allowed to give an opinion as an expert witness. The record indicates, however, that the Government did not request that Ms. Garrison be qualified as an expert to give opinion testimony. Rather, Ms. Garrison testified, as a fact witness, that the Petitioner and his wife encoded the gift cards with stolen credit card information using a machine. (Docket No. 177, at 13, in Case No. 3:10-00171). Counsel was not ineffective for failing to challenge the qualifications of Ms. Garrison.

Petitioner also argues that counsel was ineffective for failing to challenge the reliability of Ms. Garrison's testimony by arguing that her testimony implicating the Petitioner and his wife in using device-making equipment was motivated by her romantic relationship with the Petitioner. The record reveals, however, that Ms. Garrison testified about her relationship with the Petitioner at the sentencing hearing, and the Court took that factor and others into account in evaluating her testimony. The Court found Ms. Garrison's testimony to be reliable despite that issue. The Court also notes that counsel for Petitioner challenged the reliability of Ms. Garrison's testimony on

7

appeal, and the Sixth Circuit rejected the challenge:

> Moreover, we reject Lyles's claim that Garrison's testimony did not have sufficient indicia of reliability. Lyles's cross-examination of Agent Riley elicited the fact that Garrison had previously reported to law enforcement that Lyles's wife encoded the cards for Lyles's use. Id. at 39–40. Given that the reliability of Garrison's testimony has not otherwise been called into question, this consistency is sufficient to meet the 'low reliability threshold' of U.S.S.G. § 6A1.3. United States v. Stout, 599 F.3d 549, 558 (6th Cir.2010) (stating that the minimum-indicia-of-reliability standard imposes a 'relatively low hurdle').

United States v. Lyles, 506 F. App'x at 449. Petitioner has not shown prejudice by any failure of counsel to challenge the reliability of Ms. Garrison's testimony.

Petitioner alleges that, on appeal, counsel failed to argue that his sentence should be reduced based on Amendment 742 to the United States Sentencing Guidelines. Amendment 742, which took effect on November 1, 2010, deleted former Subsection (e) of United States Sentencing Guideline Section 4A1.1, which had stated: "Add 2 points if the defendant committed the instant offense less than two years after the release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. . ." See Amendment 742, reprinted in U.S.S.G. Guidelines Manual, Supplement to Appendix C, at 354; United States v. Davy, 433 Fed. Appx. 343, 346 n.2 (6th Cir. July 12, 2011). Petitioner argues that repeal of this two-point "recency" enhancement should lower his criminal history score by two points.

The Petitioner's Pre-Sentence Investigation Report indicates, however, that his criminal history score was not increased under this Subsection. Instead, two points were added to his score under Subsection (d) because the Petitioner was on probation when he committed the offense of conviction. (PSIR, at ¶ 43). Subsection (d), unchanged by Amendment 742, states "Add 2 points if the defendant committed the instant offense while under any criminal justice

8

sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." (U.S.S.G. § 4A1.1(d)). See United States v. Galaviz, 645 F.3d 347, 362-63 (6th Cir. 2011)(Noting that Amendment 742 did not affect language of Subsection (d)). Accordingly, Amendment 742 would not apply to reduce the Petitioner's criminal history score, and counsel was not ineffective for failing the raise the issue on appeal. See, e.g., Ludwig v. United States, 162 F.3d at 458 (Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel).[2]

For these reasons, the Court concludes that the Petitioner has failed to demonstrate that counsel was deficient, or that Petitioner was prejudiced by any deficiency. Accordingly, Petitioner's ineffective assistance of counsel claim is without merit.

D. Due Process – Inadequate Notice of Enhancement

The Petitioner also argues that the Court violated due process by failing to give adequate notice that it was considering application of the device-making equipment enhancement at sentencing.

The Sixth Circuit has explained that the sentencing process set forth in Rule 32 of the Federal Rules of Criminal Procedure "'protects the right to due process by requiring disclosure of most information relied upon at sentencing.'" United States v. Christman, 509 F.3d 299, 304-05 (6th Cir. 2007)(quoting United States v. Hayes, 171 F.3d 389, 392 (6th Cir.1999)). The provisions of Rule 32 require that, at least 35 days before sentencing, the Probation Office

---

[2] Petitioner also appears to argue that appellate counsel failed to add a claim that uncharged misconduct showing criminal propensity is inadmissible, but fails to identify the uncharged misconduct to which he is referring. Under these circumstances, the Court concludes that this claim is without merit.

9

provide the parties with a presentence investigation report that includes identification of applicable guidelines, and calculation of the defendant's offense level and criminal history category. Rule 32(c)-(e). The parties are then required to state in writing any objections to the report and serve them on the opposing party and the Probation Office. Rule 32(f). The report and any addendum containing unresolved objections is then to be submitted to the district court and the parties at least seven days before sentencing. Rule 32(g). Rule 32(h) provides that the district court must provide reasonable notice to the parties that it is contemplating a departure on any ground not identified "in the presentence report or in a party's prehearing submission."

Rule 32(i) requires that the district court, at sentencing, verify that the defendant and his attorney have read and discussed the presentence report and any addendum, and allow the parties' attorneys to comment on the probation officer's determinations and on other matters relating to the appropriate sentence. The Rule also provides that the parties are permitted to introduce evidence on any objections. Id. Finally, Rule 32 requires the court to rule on any disputed portion of the presentence report or other controverted matter or determine that a ruling is unnecessary. Id.

Similarly, Section 6A1.3 of the United States Sentencing Guidelines provides:

(a)  When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor. In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.

(b)  The court shall resolve disputed sentencing factors at a sentencing hearing in accordance with Rule 32(i), Fed.R.Crim.P.

10

The record of the underlying criminal case does not support Petitioner's claim. The record indicates that, prior to the sentencing hearing, the Government objected to the Presentence Investigation Report's omission of a two-level enhancement for the use of device-making equipment as part of the offense. That objection is documented in the Addendum to the Report. (Docket No. 152, at p. 27 of 31, in Case No. 3:10-00171).[3]

In a brief filed more than a week before the sentencing hearing, the Government restated its objection to omission of the enhancement, and two days later, Petitioner's counsel responded to the objection in his own brief. (Docket Nos. 112, 116 in Case No. 3:10-00171). The Government addressed the issue again in a reply brief filed six days before the hearing. (Id., at 118). At the outset of the subsequent sentencing hearing, Petitioner's counsel listed his objections to the Report, and also noted an objection to the Government's request to apply the enhancement. (Docket No. 177, at 6, in Case No. 3:10-00171).

As discussed above, the Court then heard testimony regarding the enhancement, as well as the arguments of counsel, and stated its determination that the enhancement should be applied. (Docket No. 177 in Case No. 3:10-00171). Also, as noted above, counsel challenged that decision on appeal, and the appeals court rejected the challenge. United States v. Lyles, 506 Fed. Appx. at 448-50.

There is no support in the record for Petitioner's claim that he received inadequate notice that the Government would request application of the enhancement at sentencing, and Petitioner has not otherwise established a due process violation in connection with the sentencing process

---

[3] In response to the objection, the Probation Officer concluded that there was insufficient evidence to support the enhancement. (Id.)

11

used in the underlying criminal case. Furthermore, Petitioner has not identified any evidence or argument that he would have raised had he been given earlier notice of the enhancement issue. This issue is without merit.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Therefore, the Petitioner's Motion Under § 2255 To Vacate is denied, and this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and accompanying Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

                                              TODD J. CAMPBELL
                                              UNITED STATES DISTRICT JUDGE